## DOCK BLALOCK V. THE STATE.

### No. 9913.   Delivered February 24, 1926.

**Theft of Automobile—Confession of Accused—Verbal Statement—Under Arrest—Reversible Error.**

Where, on a trial for theft of an automobile, the state was permitted to prove a verbal confession or statement made by the accused to the sheriff after his arrest, such confession not being shown to come within any of the exceptions under the statute prohibiting such evidence, the cause for this error must be reversed. See Art. 727 C. C. P. of 1925.

Appeal from the District Court of San Jacinto County. Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for theft of an automobile, penalty five years in the state penitentiary.

The opinion states the case.

*M. E. Gates* of Huntsville, and *J. M. Hansbro* of Cold Springs, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is theft and the punishment is five years in the penitentiary.

The state's testimony shows that the automobile alleged to have been stolen was found near the residence in which appellant lived and that appellant and another party were present in the residence at the time the automobile was found. It was appellant's contention that he had no connection with the original taking of the automobile and his testimony showed that same was stolen by the party who was found present at his home at the time the car was found.

By a proper bill of exception, appellant shows that after he was arrested by the sheriff and without any warning of any character by the sheriff, the sheriff was permitted to testify to a statement made by the appellant with reference to the stolen property. The substance of the sheriff's testimony was that after he arrested the defendant and without warning him or reducing any statement that he made to writing, that the defendant called Roy Fulton, the party who was found with him at his home, and told the said Fulton that he wanted to see

him and that they might just as well have put the automobile in the house as to put it out there where they did. Appellant objected to this testimony of the sheriff because the confession was oral and because the defendant had not been warned and his objections were overruled. The admission of this testimony is reversible error. Art. 727, 1925, C. C. P.

The other matters complained of in appellant's brief may not arise in the same form on another trial of the case. In any event the bills of exception presenting them are not in such form as justify us in reviewing them.

For the error above mentioned, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.